Argued and submitted February 14, remanded for recalculation of child support; otherwise affirmed October 21, 1992

In the Matter of the Marriage of

Richard G. HIRSCHT,
*Appellant,*

*and*

Judith L. HIRSCHT,
*Respondent.*

(90-DO-0222-ST; CA A70326)

840 P2d 98

Judith F. Stiegler, Bend, argued the cause and submitted the brief for appellant.

Terrence B. O'Sullivan, Bend, argued the cause and submitted the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Father appeals from a dissolution judgment that awarded him custody of the parties' minor child. Only one of his assignments of error requires discussion.

Father argues that the trial court erred when it calculated the child support obligation imposed on mother. OAR 137-50-390 provides:

"The amount of any pre-existing or concurrently entered court ordered spousal support shall be deducted from the gross income of the parent obligated to pay such spousal support and shall be included in determining the adjusted gross income of the parent entitled to receive such spousal support."

The trial court neither deducted father's spousal support from his income nor included the spousal support in mother's income. He claims that her child support obligation must be recalculated in accordance with the rule.

Mother claims that the amount of child support was stipulated and that father never argued in the trial court that his stipulation was contingent on an adjustment of the parties' incomes for the award of spousal support.

Father is correct. The parties did not stipulate to the child support obligation. Father's child support computation worksheet, stating the presumed child support payable by mother as $212.76, was admitted as an exhibit without objection. Mother's counsel stated that he agreed "that the $212.76 amount calculated as child support is the correct amount, *absence* [*sic*] *spousal support*." (Emphasis supplied.) Father's calculation did not adjust the figure for spousal support, because that was not determined until the court entered judgment. He adequately preserved his claim that the child support obligation should be adjusted for any award of spousal support.[1]

---

[1] Husband argued in the trial court:

"The parties do not dispute the determination of the amount of child support contained in Exhibit #1. Respondent should be ordered to pay the sum of $212.00 per month to Petitioner as a contribution to the support of the minor child in Petitioner's custody. *It would be appropriate to offset this award by any amount ordered that Petitioner pay to Respondent as and for spousal support.*" (Emphasis supplied.)

Remanded for recalculation of child support; otherwise affirmed. Costs to father.